**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

---

UNITED STATES SPECIALTY
INSURANCE COMPANY

      Plaintiff,

v.                             CIVIL ACTION NO.

N602DW, LLC,
DANNY WAYNE BRAZZELL,
ROBERT JOSEPH TURNER, and
BANK OF AMERICA, N.A.

      Defendants.

---

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**NON-LIABILITY OF INSURER**

---

**COMES NOW** the Plaintiff, United States Specialty Insurance Company ("USSIC"), by and through its counsel of record, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §§ 1332 ("Diversity of Citizenship; Amount in Controversy; Costs"), 2201 ("Declaratory Judgments, Creation of Remedy"), and 2202 ("Declaratory Judgments, Further Relief"), and hereby files its Complaint For Declaratory Judgment of Non-Liability of Insurer, and would state the following unto the Court:

## I.   JURISDICTION

1.    USSIC brings this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §§ 2201 ("Declaratory Judgments, Creation of Remedy") and 2202 ("Declaratory Judgments, Further Relief"). This Court has original

1

jurisdiction under 28 U.S.C.A. § 1332 ("Diversity of Citizenship; Amount In Controversy; Costs"), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## II. **PARTIES**

2.    USSIC is a Texas corporation, incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas.

3.    Upon information and belief, Defendant N602DW, LLC (hereinafter referred to as the "LLC") is a Delaware limited liability company, and at all time relevant hereto maintained its business offices at 1228 Lakeview Drive, Franklin, Tennessee 37067 and/or 208 Third Avenue North, Suite 100, Nashville, Tennessee, 37201 and may be served with process through its members, Danny Wayne Brazzell, 101 Windsor Way, Franklin, Tennessee 37069, and/or Defendant Robert Joseph Turner, 208 Third Avenue North, Nashville, Tennessee 37201.

4.    Upon information and belief, Defendant Danny Wayne Brazzell is a Member of the LLC, and he is a citizen and adult resident of Franklin County, Tennessee who may be served with process at 101 Windsor Way, Franklin, Tennessee 37069.

5.    Upon information and belief, Defendant Robert Joseph Turner is a Member of the LLC, and he is a citizen and adult resident of Davidson County, Tennessee who may be served with

2

process at 208 Third Avenue North, Nashville, Tennessee 37201.

6. Upon information and belief, Defendant Bank of America, N. A. is a for-profit, Delaware corporation that may be served with process through its Registered Agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601-2957.

### III. AMOUNT IN CONTROVERSY

7. On or about August 30, 2015 Defendant Brazzell contacted USSIC and reported a claim for insurance coverage for property damages and losses to a Piper 1968 Beech Baron B55 aircraft, Registration No. N602DW (the "Baron"), arising out of a September 29, 2011 in-flight engine failure and all damages and losses arising either directly or indirectly there from in Panama City, FL. Defendants Brazzell and Turner, Co-Members of the LLC, estimate the amount of the loss to be approximately $150,000, an amount in excess of $75,000.

8. The LLC presented a claim to USSIC for insurance coverage in damages and losses arising out of the incident.

9. USSIC denies insurance coverage to the LLC, Brazzell, and Turner for all damages and losses arising either directly or indirectly out of the September 29, 2011 accident.

### IV. FACTUAL ALLEGATIONS

10. USSIC issued an Aircraft Insurance Policy, Policy No. GA00171130-00 (hereinafter referred to as the "Policy"), naming the LLC as the named Insured on the Policy, with a Policy Period

3

from 07/01/2011 to 07/01/2012, listing the Barron as the insured aircraft with an agreed value of $176,000, and Defendant Bank of America, N.A. listed a Lienholder with a financial interest in the Barron. A certified copy of the Policy is attached hereto and made a part hereof as Exhibit A.

     11.    The Coverage Identification Page for the Policy provides:

> Aircraft physical damage coverage for the insured 1968 Beech Baron B55, N602DW, in the agreed valued amount of $176,000.00, with a Not in Motion Deductible of $500.00, and in an In Motion Deductible of $2,500.00.

     12.    The Policy includes the following provisions relevant to whether there is coverage for the incident:

> Part 1, General Provisions and Conditions, paragraph 1, Words and Phrases:
>
> The following words and phrases have special meaning throughout the policy:
>
> a. **You** and **your** means the person(s) or organization(s) named in Item 1 of the Coverage Identification Page under the heading "Named Insured."
>
> c. **We, our** and **us** mean the insurance company named on the Coverage Identification Page.
>
> e. **Aircraft** means the aircraft shown in Item 5 of **your** Coverage Identification Page or qualifying under PART FIVE of your policy. It includes the airframe; landing gear; propulsion system (including engine(s), accessories and propeller(s) or rotor(s)); flight and engine instruments; communication/navigation system; electrical system; flight control system; fuel system; hydraulic system; and pressurization system.
>
> Parts usually mounted or attached to the aircraft are included while temporarily removed as long as they are not replaced by other parts.

4

1. **Accident** means a sudden event during the policy period, neither expected nor intended by **you**, that involves **your aircraft** and causes physical damage to or loss of the **aircraft** during the policy period.

Paragraph 2, Our Obligations and Your Duties:

We agree to provide coverage in your policy if you pay the premium and comply fully with the policy requirements, but if you do not, then we are not obligated to you or anyone. We have the right to deduct any premium or other debts you owe under this policy from any payment we make.

Paragraph 5, When and Where You Are Covered:

You are covered during the policy period shown in Item 3 of the Coverage Identification Page while the aircraft is within the United States (excluding Alaska and Hawaii), Canada, Mexico, or while enroute between these points excluding U.S. Sanctioned Countries.

Paragraph 6, If You Have An Accident or Occurrence:

In the event of an accident or occurrence, you and anyone we protect must:

a. Immediately notify us describing how, when and where the accident or occurrence happened and giving names and addresses of witnesses injured persons and all persons aboard the aircraft;

b. Cooperate with us in the investigation, settlement or defense of any claim or suit;

c. Answer under oath, questions asked by us or anyone we designate;
d. Immediately send us copies of any notices or legal papers that you receive;

e. Help us in obtaining and giving evidence, attending hearings and trials, and getting witnesses to testify;
f. Immediately notify the police if **your aircraft** or any part of it is stolen or vandalized.

Case 3:16-cv-02092   Document 1   Filed 08/10/16   Page 5 of 17 PageID #: 5

Paragraph 14, Concealment or Misrepresentation:

We do not provide coverage for you or anyone who has concealed or misrepresented any material fact or circumstance relating to this policy either before or after an accident or occurrence.

Part Two, AIRCRAFT PHYSICAL DAMAGE:

Review Item 5 of your Coverage Identification Page to confirm the Aircraft Physical Damage Coverage issued to you. Please note also the agreed value of your aircraft and the amount for which you are responsible (deductible). This coverage is for your benefit and not for the benefit of anyone else in possession of your aircraft.

1. What We Cover

a. Coverage F covers direct physical loss of or damages to your aircraft caused by an accident while the aircraft is not in motion.

b. Coverage G covers direct physical loss of or damage to your aircraft caused by an accident while the aircraft is in motion.

3. What We Will Pay (Less Deductible)

b. Damaged Aircraft

If your aircraft is damaged and not destroyed, we will pay the reasonable cost of repair after the aircraft is repaired, but we will not pay more than the agreed value less the appreciable deductible.

4. What We Will Not Pay

We will not pay for physical loss or damage to your aircraft:

a. *Pilots and Use*

Unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) and Use (Item 10) are met;

6

b. *Wear & Tear*

Caused by wear or tear, deterioration, freezing, mechanical or electrical breakdown or failure, but we will pay for other direct physical loss or damage to your aircraft that results from any of these causes;

e. *Ownership*

If you lease, sell or mortgage all or some of your interest in your aircraft unless all interests of others are stated in either Item 1 or 11 of the Coverage Identification Page or in an Endorsement.

We also will not pay for depreciation, loss of use, loss of profits, loss of guaranty or warranty, or any other economic or consequential damage of any kind.

5. What You Must Do:

If your aircraft is damaged you must:

a. *Protect the Aircraft*

Do all can do to protect your aircraft from further loss, and we will pay you for all reasonable expenses you incur in protecting it. If you do not, we will not be responsible for further loss;

b. *Proof of Loss*

Give us a sworn Proof of Loss statement within 90 days of loss;

c. *Show Us the Physical Damage*

Show us the physical damage to your aircraft before repair or disposition;

d. *Show Us the Records*

Show us all records you have that would prove the amount of loss.
The unnumbered eleventh page of the Policy states:

**ALL CLAIMS SHOULD BE REPORTED TO OUR CLAIMS DEPARTMENT**

U.S. Specialty Insurance Company
Attn: Claims Department
5601 Granite Parkway, Suite 1100, Plano, TX 75024
(800)467-8731 Fax (469)633-7520
E-mail: claims@ussic.com.

Policy's Pilot Endorsement [AIP1660 (08/10)]:

This endorsement changes Item 9 of the Coverage Identification Page- THE PILOT FLYING THE AIRCRAFT as follows:

9. The Pilot Flying the Aircraft: The aircraft must be operated in flight only by a person shown below who must have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings as required by the FFA for each flight. There is no coverage under the Policy if the pilot does not meet these requirements:

A. WITH RESPECT TO AIRCRAFT N602DW- Beech Baron B55:

1. Any pilot having an instrument rating who has obtained an annual IPC in the same category and class of aircraft listed above and logged minimum of 1,000 hours total time, 250 hours in multi-engine aircraft, and 10 hours in the same make and model aircraft listed above.

2. Robert Turner, must obtain an IPC in the same make and model category and class of the aircraft listed above every year.

LIENHOLDER'S INTERST EXTENSION Endorsement [AIP 1048 (08/10), Effective 04/05/2102:

This endorsement extends your coverage under PART TWO – AIRCRAFT PHYSICAL DAMAGE to protect the interest of the Lienholder shown in Item 11 of your Coverage Identification Page if the column headed "L/I' is marked "X", even if coverage is otherwise invalidated by any act or neglect subject to the following terms and conditions.

1. Adjustment and Payment. Aircraft Physical Damage under Coverage F or G will be adjusted with you and payment will be made to you and the Lienholder shown in Item 11 of your Coverage Identification page for

8

the damaged aircraft.

2. Payment to lienholder Only. If This Lienholder's Interest Endorsement applies, we will pay the valid claim of the Lienholder of the aircraft shown in Item 11 of your Coverage Identification Page if:

   a. There would otherwise be coverage for the claim except for any act or neglect resulting in our denial of payment to you; and

   b. The Lienholder

      (1) has notified us of any change in ownership or substantial change in risk of which the Lienholder was aware;

      (2) pays any premium due under this policy on demand if you have neglected to pay the premium; and

      (3) gives us sworn Proof of Loss within 90 days after receiving notice from us of your failure to do so.

3. What We Will Pay. Under paragraph 2 above, the total amount we will pay the Lienholder(s) is the lesser of the following:

   a. The unpaid balance of the lien on the aircraft, less unearned interest and unpaid installments more than 30 days overdue on the date of the loss or damage; or

   b. The agreed value of the aircraft.

4. When We Will Pay. Under Paragraph 2 above, we will pay the Lienholder within 30 days after:

   a. the Lienholder had used all reasonable means to collect the amounts due from you; and

   b. you have given us a sworn Proof of Loss statement or the Lienholder has done so within 90 days after receiving notice from us of your failure to do so.

5. Our Right of Recovery. If we pay the Lienholder for any claim and deny payment to you because of any act

9

or neglect that invalidates your coverage:

a. We will take over the rights granted under the promissory note, mortgage, lien or contract to the Lienholder against you and in and to all the property as held as security for the loan to the extent of our payment, or at our option, we may pay the Lienholder the whole amount due or to become due from you with interest and take a full assignment and transfer of all of the rights of the Lienholder against you and of all property as security for the loan; and

b. You must pay us back in full for the payment we make.

6. What We Will Not Pay. We will not pay any claim by anyone if you or anyone you permit to fly your aircraft embezzles, converts or secretes the aircraft or if there has been a change in title or ownership.

7. Legal Action Against Us. No legal action shall be brought against us under this endorsement until its provisions have been complied with fully.

8. Cancellation Notice to Lienholder. If we cancel your Aircraft Physical Damage coverage, we will send 30 days prior written notice to the Lienholder at the address shown in Item 11 of your Coverage Identification Page.

LIENHOLDER'S INTEREST CHANGE Endorsement [AIP 1072 (08/10), Effective 04/05/2012:

This endorsement applies to the following aircraft: N602DW.

The provisions of this endorsement apply to each lienholder as shown below, but we will not pay more than the agreed value regardless of the number of lienholders.

Item 11 on the Coverage Identification Page is changed to read:

10

BANK OF AMERICA, N.A.                              X
P.O. BOX 2759
JACKSONVILLE, FL   32203-2759

DAN BRAZZELL
1228 LAKEVIEW DR.
FRANKLIN, TN   37067

DAMAGED AIRCRAFT-AIRCRAFT PHYSICAL DAMAGE Endorsement
[AIP 1407 (08/10)], Effective 07/01/2011:

Under PART TWO- AIRCRAFT PHYSICAL DAMAGE- Paragraph 3.b.
is amended to read:

3. What We will pay (Less Deductible)

        b. Damaged Aircraft.

        If your aircraft is damaged and not destroyed, we
will pay the reasonable cost of repair after the aircraft
is repaired, but we will not pay more than the agreed
value less the applicable deductible.

        If the estimated cost of repair is more than the
agreed value of the aircraft, we will pay the agreed
value less the applicable deductible and we will take
the damaged aircraft.  This endorsement applies to all
aircraft covered by your policy unless the following
information is completed.  This endorsement applies only
to the following aircraft.

**EXTENSION OF COVERAGE**
Effective: 07/01/2011 [AIP 1541 (08/10)]

5. Increase of Agreed Value

Under PART TWO – AIRCRAFT PHYSICAL DAMAGE – if you add
equipment to or modify your aircraft after the effective
date of your coverage and you advise us within 30 days,
the agreed value shown on your Coverage Identification
Page will automatically increase by:

a. the amount you have actually paid for the additional
   equipment or modification; or

b. 20% of the agreed value shown in Item 5 of your Coverage Identification Page for the aircraft involved;

whichever is less. You agree to pay any additional premium.

8. Assumption of Liability

Paragraph 4, e. "assume Liability" of PART THREE – LIABILITY TO OTHERS – does not apply to an airport agreement that you sign with a governmental body so you may use an airport or a lease of premises agreement for your lease of hangaring space for an aircraft shown in Item 5 of the Coverage Identification Page.

The most we will pay is:

a. the limit of liability shown in Item 6 of your Coverage Identification Page; or

b. $1,000,000 each occurrence;

whichever is less.

12. Upon information and belief, on or about September 29, 2011 Defendant Turner was piloting the subject aircraft when, while in flight and preparing to land at Northwest Florida Beaches International Airport, the aircraft's right engine suffered a mechanical failure resulting in damage to the right engine, nacelle, and fuselage.

13. Upon information and belief, Defendant Turner landed the aircraft without further damage to the aircraft and without injury to himself or his passengers.

14. Upon further information and belief, in the fall of 2011 the right engine and propeller were removed from the aircraft.

15. Upon further information and belief, in the fall of 2011 the aircraft logbooks, avionics, other instruments, equipment, and/or personal property were removed from the aircraft.

16. On or about August 31, 2015, nearly (four) years after the September 29, 2011 accident, for the first time the LLC notified USSIC and reported a claim for insurance coverage for the September 29, 2011 accident, removal of the right engine and propeller, logbooks, avionics, other instruments, equipment, and/or personal property from the aircraft.

17. The LLC failed to immediately notify USSIC of the September 29, 2011 accident, damages, and losses, if any there be, including how, when, and where the accident happened, and the names and addresses of witnesses and all persons aboard the aircraft.

18. The LLC failed to notify USSIC of any unauthorized removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings from the aircraft.

19. Following the September 29, 2011 accident, LLC failed to protect the subject aircraft from further loss or damage.

20. The LLC failed to give USSIC a sworn proof of loss statement within 90 days of the September 29, 2011 accident.

21. The LLC failed to give USSIC a sworn proof of loss statement within 90 days of the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment,

13

and/or personal belongings.

22. The LLC failed to show USSIC the physical damage to the subject aircraft before repair or disposition.

23. The LLC failed to show USSIC all records it has, or should have, that would prove the amount of the loss.

24. The LLC failed to notify the lienholder listed on the applicable policy, Defendant Bank of America, N.A., of the September 29, 2011 accident or the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings.

25. The LLC's neglect and abandonment of the aircraft after the September 29, 2011 accident caused further damage and loss of value to the aircraft.

26. Each of the above failures on the part of the LLC voided insurance coverage under the applicable policy for all losses and damages to the LLC arising out of or resulting from the September 29, 2011 accident and removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft.

27. Each of the above failures on the part of the LLC caused prejudice to USSIC so as to void insurance coverage for the September 29, 2011 accident and the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment,

14

and/or personal belongings, and further deterioration and loss of value to the aircraft, in that and through no fault of its own:

a. USSIC could not properly investigate the cause of the September 29, 2011 accident;

b. USSIC could not properly evaluate the damages to the subject aircraft caused by the September 29, 2011 accident and the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft;

c. USSIC could not properly adjust the physical losses or damages to the subject aircraft resulting from the September 29, 2011 accident and the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft;

d. USSIC could not secure or protect the aircraft following the September 29, 2011 accident to prevent further loss of damage to the subject aircraft, including, but not limited to, preventing the removal of the right engine, propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft.

28. The LLC failed to notify USSIC of the identity of the lienholder, Defendant Bank of America, N.A., at the time the LLC applied for the policy; thereby preventing USSIC from including

15

the lienholder as an interested party on the Policy.

29. In addition, the applicable Policy does not provide insurance coverage for physical loss or damage to the subject aircraft for mechanical breakdown or failure.

30. This is a case of actual controversy within this Court's jurisdiction in that USSIC denies that the Policy affords insurance coverage to the LLC for physical loss or damage to the subject aircraft for the September 29, 2011 accident, the removal from the aircraft of the right engine and propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft.

**WHEREFORE**, Plaintiff United States Specialty Insurance Company respectfully requests this Honorable Court to:

1. Grant the Plaintiff a judgment declaring the rights, duties and other legal relations between the parties herein, and that the judgment declare and decree that Plaintiff is relieved of all duties and liabilities by reason of lack of insurance coverage to the LLC, Brazzell, and Turner for physical loss or damage to the subject aircraft for the September 29, 2011 accident, the removal from the aircraft of the right engine and propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft;

2.     Enter an Order restraining and prohibiting the Defendants, their attorneys, and their agents from filing or prosecuting any action against the Plaintiff in any other court for insurance coverage for physical loss or damage to the subject aircraft for the September 29, 2011 accident, the removal from the aircraft of the right engine and propeller, logbooks, avionics, other instruments, equipment, and/or personal belongings, and further deterioration and loss of value to the aircraft; and

3.     Grant the Plaintiff such other and further relief as the nature of its cause and the interests of justice may so require, including its costs.

Respectfully Submitted,

**PETKOFF AND FEIGELSON**

David I. Feigelson (TN BPR No. 020350)
305 Washington Avenue
Memphis, Tennessee 38103-1911
Tel: (901) 523-1050
Fax: (901) 523-1061
Email: dfeigelson@pf-law.net
*Attorneys for Plaintiff,*
*United States Specialty Insurance Co.*

17