IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:16-cv-2092<br>) |
| N602DW, LLC and<br>BANK OF AMERICA, N.A., | )<br>)<br>) |
| Defendants. | ) |

### PLAINTIFF UNITED STATES SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff United States Specialty Insurance Company ("USSIC") by and through counsel, hereby moves this Court for entry of an Order granting Summary Judgment in its favor. USSIC respectfully submits that there is no genuine issue as to any material fact in this matter with respect to Defendants' claims for benefits and coverage under an Aircraft Insurance Policy, Policy No. GA00171130-00 ("Policy"), issued by USSIC to N602DW, LLC, ("LLC"), and for which Bank of America, N.A. ultimately held a lienholder's interest, and therefore, USSIC is entitled to entry of an Order granting Summary Judgment in its favor and declaring that Defendants are not entitled to any coverage or benefits under the Policy. As grounds for this Motion, USSIC would show the Court as follows:

1.  The LLC seeks coverage and benefits under the Policy for avionics which were installed on an aircraft owned by the LLC but are now missing as well as the log books which cannot currently be located.

2.  Bank of America, N.A. seeks coverage and benefits under the Policy for a September 29, 2011 incident involving failure of the right engine on the aircraft, the missing

avionics, and the missing log books pursuant to a Lienholder's Extension issued by USSIC on April 5, 2012.

3. USSIC denies that the LLC is entitled to coverage because (1) the LLC failed to comply with provisions in the Policy regarding prompt notification of losses within ninety (90) days of any occurrence and (2) the LLC failed to maintain and protect the aircraft as required by the Policy.

4. USSIC denies that Bank of America, N.A. is entitled to coverage and benefits under the Policy for the same reasons that the LLC is not entitled to coverage and benefits under the Policy. In addition, the LLC failed to list Bank of America, N.A. as a lienholder under the Policy until after the September 29, 2011 incident and the subsequent removal of the avionics from the Baron. The Lienholder's Extension adding Bank of America, N.A. as a lienholder is dated April 5, 2012, and it constitutes USSIC's first notice of any lienholders on the aircraft.

5. USSIC submits that the applicable Policy period ran from July 1, 2011 to July 1, 2012, and as a result, the LLC and Bank of America, N.A. were required to notify USSIC of any losses within 90 days of the Policy's expiration. The last possible day for a claim to be made under the Policy was September 29, 2012 (ironically the one-year anniversary of the engine failure). The LLC first notified USSIC of the losses on August 17, 2015, almost thirty-eight (38) months after the Policy expired. Bank of America, N.A. first made a claim under the Policy on October 5, 2016, fifty-two (52) months after the Policy expired.

Contemporaneous with the filing of this Motion, USSIC also files a Brief in Support of this Motion and a Statement of Undisputed Facts supported by the following:

1. Deposition transcript of Danny Brazzell.

2. Deposition transcript of Robert Turner.

3. Deposition transcript of Chad Goddard.

4. Deposition transcript of Michael Lerma.

5. Declaration of Thomas Bovre.

WHEREFORE, Plaintiff USSIC submits that there is no genuine issue of material fact regarding the facts and allegations contained in its Complaint, and USSIC respectfully prays the Court to grant its Motion for Summary Judgment and enter an Order declaring that Defendants, N602DW, LLC and Bank of America, N.A., are not entitled to coverage or benefits under the Policy.

Respectfully submitted this the  26th  day of May, 2017.

s/William J. Carver
William J. Carver, BPR # 022718
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629
(865) 525-5134
wcarver@kramer-rayson.com
Attorneys for Plaintiff U.S. Specialty Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May  26th , 2017 a true and exact copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system:

>John R. Wingo, Esq.
>Stites & Harbison, PLLC
>401 Commerce Street, Suite 800
>Nashville, Tennessee 37219
>
>Larry Lamont Crain, Esq.
>5214 Maryland Way
>Suite 402
>Brentwood, Tennessee 37027

s/William J. Carver<br>William J. Carver